## Mercer County v. Trustees of the F. H. Buhl Club

*L. R. Rickard*, county solicitor, for plaintiff.

*L. J. Wiesen*, for defendants.

McLAUGHRY, P. J., February 28, 1934.—This matter comes before the court on a case stated, for the purpose of determining whether or not the trustees of the F. H. Buhl Club are liable for taxes on certain real estate situated in Hickory Township, Mercer County, Pa., known as the F. H. Buhl farm, containing about 300 acres of land. By a deed dated November 1, 1915, Frank H. Buhl and Julia F. Buhl conveyed to Norman Hall et al., trustees of the F. H. Buhl Club, said land known as the F. H. Buhl farm. By the terms of the deed, the real estate is vested in the defendants as trustees by terms and conditions defined in the deed as follows:

"In trust, nevertheless, for the proper use, benefit and enjoyment of the public generally, and more especially the residents of this community, as a playground and place of recreation.

"The said trustees, or their successors in office as trustees, are authorized and empowered to control, manage and direct the property heretofore granted and conveyed in trust, in accordance with such reasonable rules and regulations as they shall see fit to adopt from time to time in fulfillment of the trust hereby created; provided, however, that the said trustees or their successors in office as trustees shall not permit the use of the property by any person or persons, club, association, or corporation, for the practice of any matter or thing which may in any way be a detriment to peace and good order, or contrary to good morals. Provided further, that said trustees or their successors in office as trustees shall not lease or permit to be leased the farmhouse, casino, or any other building or buildings which are now or may be hereafter erected upon the premises herein conveyed, for a greater period than that of one (1) year; but nothing herein contained shall prevent the renewal of such lease or leases from year to year.

"In event of the death, resignation, removal from the Borough of Sharon, or mental or physicial incapacity of any of the trustees above named, the remaining trustees shall choose some suitable resident of the Borough of Sharon to fill the vacancy so caused. Should said remaining trustees be unable to agree in the choice of a person to fill said vacancy, then any one or more of said trustees shall petition the Court of Common Pleas of Mercer County, Pennsylvania, to make an appointment to fill such vacancy or vacancies, and such appointment so made shall be final and conclusive, and the person or persons so chosen shall be clothed with the same powers and subject to the same duties and obligations as though one of the original trustees named herein."

The F. H. Buhl farm includes thereon a two-story structure known as the F. H. Buhl farmhouse, the curtilage thereof consisting of about 2 acres of land. The taxing authorities of said Hickory Township have caused the said Buhl farmhouse to be assessed for real estate tax purposes in the amount of $15,000, and the total tax assessed against said real estate for the year 1933 was $480, for township, county, and school purposes, of which amount the sum of $180 was levied for county purposes.

The said Buhl farm, in conformance to the terms of the deed of trust has been leased from year to year to the Sharon Country Club, the lease for the current year containing the following provisions:

"To have and to hold the said leased premises unto the lessee in trust exclusively as a public social center for the members of the lessee corporation and the citizens of Mercer County resident within the Shenango Valley, subject to the covenants and conditions hereinafter defined, for a term of one (1) year commencing January 1, 1933, and ending December 31, 1933.

"The lessee shall continue the said public social center in accordance with the operations prevailing elsewhere for like institutions and shall make such rules and regulations as in its discretion shall effectively regulate the public use and enjoyment of said building and assure the preservation and protection of said premises from abuse, injury, or damage, and shall generally conduct and manage said premises in a manner designed to effectuate the intentions of the association; provided, however, that said building shall be closed to all visitors nightly, during the period of this lease, at one o'clock a. m., city time, and that no lights shall appear after said hour except in the quarters of the steward and employes."

No pecuniary rental consideration exists in the lease, the same providing, however, that the lessee shall keep and maintain the building and contents in good repair. In the case stated, it is set forth that the property leased by the trustees of the F. H. Buhl Club to the Sharon Country Club is used and enjoyed

by the people of the Shenango Valley as a community center under the management and supervision of the Sharon Country Club, and during the past year the facilities of the said Buhl farmhouse have been used and enjoyed for meetings of the Mercer County Bar Association, Mercer County Medical Association, Mercer County Dental Association, Shenango Valley Coal Dealers Association, Mercer County Republican Organization, Mercer County Democratic Organization, Shenango Valley Community Fund, Protected Home Circle, Carnegie Steel Company, Westinghouse Electric & Manufacturing Company, American Steel & Wire Corporation, Sharon Chamber of Commerce, and numerous other organizations holding like meetings of its members.

It is apparent from the agreed facts that the trustees are a charitable association, holding the real estate known as the F. H. Buhl farm, including therein the Buhl farmhouse, for charitable purposes in accordance with the terms and conditions defined in the deed of trust, and the said trustees obtain no pecuniary profit, rental, or income in the operation of the F. H. Buhl farm or the Buhl farmhouse.

The question therefore presented to the court for decision is whether or not the trustees of the F. H. Buhl Club are entitled, under the law, to exemption from the payment of taxes now or hereafter assessed against said property. The acts of assembly in Pennsylvania governing this question are as follows:

(a) Section 1 of the Act of July 17, 1919, P. L. 1021:

"All churches, meeting-houses, or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same, all burial grounds not used or held for private or corporate profit, all hospitals, universities, colleges, seminaries, academies, associations, and institutions of learning, benevolence, or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by the public or private charity, and all schoolhouses belonging to any county, borough, or school district, all court-houses, jails, poorhouses, and all other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, be, and the same are hereby, exempted from all and every county, city, borough, bounty, road, school, and poor tax: Provided, That all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived, shall be subject to taxation, except where exempted by law, for State purposes, and nothing herein contained shall exempt same therefrom: And provided, That all property, real and personal, in actual use and occupation for the purposes aforesaid, shall be subject to taxation, unless the person or persons, association or corporation, so using and occupying the same, shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely."

(b) Section 204 of The General County Assessment Law of May 22, 1933, P. L. 853:

"Exemptions from Taxation.—The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: . . .

(f) All public parks when owned and held by trustees for the benefit of the public, and used for amusements, recreation, sports and other public purposes without profit; . . .

(j) All playgrounds, with the equipments and grounds thereto annexed, necessary for the occupancy and enjoyment of the same, founded, endowed, or maintained by public or private charity, which apply their revenue to the support and repair of such playgrounds and to increase the efficiency and facili-

ties thereof, either in ground or buildings, or otherwise, and for no other purpose, . . ."

We are unable to draw a distinction between that part of the F. H. Buhl farm upon which the country club is located and the balance of the property known as the F. H. Buhl farm. It would seem from the deed of F. H. Buhl and Julia F. Buhl to the trustees of the F. H. Buhl Club, and from the other facts agreed upon in the case stated, that the said trustees have the management of this trust property for public recreational and charitable purposes, without profit or pecuniary gain, and, that being true, they are within the class of real estate owners specified by the statutes of the State as being entitled to exemption from the payment of taxes on the trust real estate. We are of the opinion that the taxing authorities are not entitled to levy and collect a tax on any part of the property known as the Buhl farm.

### Order

And now, February 28, 1934, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, it appearing from the facts agreed upon and the case stated and from the statutes of the State of Pennsylvania, that the trustees of the F. H. Buhl Club are entitled to exemption from payment of taxes on any part of that piece of real estate, containing 300 acres more or less, situate in Hickory Township, Mercer County, Pa., and known as the F. H. Buhl farm, a verdict is therefore rendered in favor of the defendants, the trustees of the F. H. Buhl Club.          From W. G. Barker, Mercer, Pa.